**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL HEALY** | Case No. 3:24-cv-00792 |
| Plaintiff | **COMPLAINT** |
| vs | 15 U.S.C. § 1692k |
| **JOHNSON MARK LLC** | Jury Trial Requested |
| Defendant | |

**COMPLAINT** – Page 1 of 6

**1.**

**JURISDICTION AND VENUE**

Jurisdiction is proper under 28 U.S.C. § 1331 because plaintiff's claim under 15 U.S.C. § 1692k arises under the federal Fair Debt Collection Practices Act (FDCPA).

**2.**

Venue is proper under 28 U.S.C. § 1391 because the acts and omissions subject to this action occurred in Washington County, Oregon.

**3.**

**FACTUAL ALLEGATIONS**

Plaintiff is an individual and a consumer under the FDCPA because he allegedly owed defaulted debt incurred for personal purposes to original creditor Capital One, N.A. (Capital One).

**4.**

Defendant is a debt collector under the FDCPA because it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of defaulted debts, and because it regularly collects defaulted debts allegedly owed to, and on behalf of, others, including Capital One, by sending letters and emails, filing debt collection lawsuits, and garnishing consumers' bank accounts and wages.

**5.**

On October 13, 2023, defendant filed a baseless lawsuit against plaintiff in Washington County Circuit Court case number 23CV42142 in an attempt to collect a defaulted Capital One consumer credit account debt (debt) from plaintiff and causing a summons and complaint to be served on plaintiff at his home in Washington County, Oregon on November 4, 2023.

**6.**

The complaint in defendant's baseless lawsuit falsely and misleadingly represented that plaintiff had acquired merchandise, services, and/or cash advances with a credit account provided by Capital One; that Capital One had provided monthly statements to plaintiff; and that plaintiff owed Capital One a $15,416.32 debt because plaintiff did not object to the monthly statements supposedly sent to him by Capital One, and that plaintiff had breached an alleged agreement with Capital One by not making payments, and that plaintiff would be unjustly enriched if he was allowed to retain the supposed benefits conferred to him by Capital One.

**7.**

After filing and serving its baseless debt collection lawsuit on plaintiff, defendant repeatedly demanded plaintiff make payments to settle the debt and lawsuit despite plaintiff informing defendant that he did not owe the debt and putting defendant on notice that its lawsuit was baseless and without merit.

**8.**

A cursory review of defendant's and its client's records prior to filing its collection lawsuit, and again after each of plaintiff's disputes, would have shown that plaintiff was not the person who signed the account documents and did not owe the debt. However, defendant recklessly and knowingly persisted in its efforts to collect the debt, attempted to extract settlement money from plaintiff to dismiss its baseless lawsuit, and ultimately decided to strategically dismiss its baseless lawsuit only after plaintiff was forced to file for summary judgment and it became clear that plaintiff was not going to be coerced to pay any amount for a debt that he did not owe.

**9.**

On May 3, 2024, the Washington County Circuit Court entered a judgment, signed by Judge Brandon Thompson on April 29, 2024, finding, *inter alia*, that plaintiff did not legally owe the debt at issue to Capital One that defendant was attempting to collect.

**COMPLAINT** – Page 4 of 6

**10.**

Defendant's unlawful acts and omissions alleged in this complaint caused plaintiff stress, anxiety, frustration, and other harmful and negative emotional and psychological distress and harm; interfered with plaintiff's normal and usual life activities; and invaded plaintiff's private affairs and concerns.

**11.**

**— CLAIM FOR RELIEF —**

**FDCPA (15 U.S.C. § 1692 *et seq*.)**

Defendant's acts and omissions as alleged in this complaint violated the strict liability provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(2), (e)(5), e(10), f, and f(1), and caused plaintiff concrete injury-in-fact in the form of the actual damages alleged. Under 15 U.S.C. § 1692k, plaintiff is entitled to a judgment that defendant violated the FDCPA, actual damages and statutory damages in amounts to be decided by the jury, and attorney's fees and costs to be determined by the Court.

**12.**

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

## 13.

## PRAYER

Plaintiff seeks relief against defendant as requested above, and for any other relief this Court may determine is fair. Plaintiff reserves the right to amend this complaint to adjust the claims for compensation and damages and to add claims and additional defendants, including claims for punitive damages, if appropriate. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to plaintiff's actions and based on information and belief as to the actions of others.

May 14, 2024

                          **RESPECTFULLY FILED,**

                          /s/ Michael Fuller
                          **Michael Fuller, OSB No. 09357**
                          Lead Trial Attorney for Plaintiff
                          OlsenDaines
                          US Bancorp Tower
                          111 SW 5th Ave., Suite 3150
                          Portland, Oregon 97204
                          michael@underdoglawyer.com
                          Direct 503-222-2000